RUMSEY, J.
—This action was brought to recover damages which the plaintiff sustained while in the employ of the defendant, He was called upon as a part of his employment to build and keep up a fire in a furnace, which was used for the purpose of heating and boiling pitch in a kettle above the furnace. It was necessary to bring the pitch to a boil, and keep it in that condition, that it might be applied to the inside of the beer barrels which were used by the defendant The plaintiff claims that the kettle in which the pitch was boiled was defective, and leaked, so that the pitch ran down into the fire, and caused the explosion, the effect of which was to inflict upon him the injuries of which he complained, and for which this action was brought. The serious question presented by this appeal is whether there was evidence to go to the jury tending to show that the defendant was guilty of negligence. This seems to be the only question raised upon the appeal.
At the close of the plaintiff’s case, the defendant moved to dismiss the complaint, upon the ground that the plaintiff had not shown a cause of action, and had not shown notice to the defendant. The first ground of the motion was plainly insufficient to enable the defendant to maintain his exception. Where, in a case of this kind, the defendant makes a motion for the direction of a verdict without specifying any ground, and the motion is denied, and he excepts to the ruling, and a verdict is rendered against him, he cannot maintain the exception, unless he makes it appear that the defect existing at the time the motion was made was one which could not have been obviated if the defendant’s attention had been called to it. Haines v. N. Y. C. & H. R. Railroad Co., 145 N. Y. 235 ; 64 St. Rep. 717. . Whatever the defect was at the time this motion was made, if there was anydefect, it was not specified; and therefore, under the authority just cited, the t defendant cannot avail itself of his exception. As to the second ground of the mo tion, there was evidence from which the jury might have found that the defect had existed so long that, if the defendant had properly inspected the kettle, it might have known of the leak.
At the close of the case, the defendant renewed the motion fora direction of the verdict, upon the ground that there was no evidence to show that the defendant had been guilty of negligence. This motion was denied, and the defendant took an exception, and this ruling presents the only ¡mint which we are required to examine in the case.
The duty of the master in cases of this kind is so well settled as not to require the citation of authority to establish it. That duty is to use reasonable care to see that the tools and appliances which *580 be furnishes to his servants to use about the business are in a reasonably safe condition for the purposes for which they are intended to be used. Was there evidence in this case from which the jury might have found that the defendant had failed to perform that duty ? The'particular defect complained of was that the kettle in which the pitch was heated leaked so that, as the pitch became hot and liquid, it ran down into the fire, and caused the explosion. The evidence upon that subject was not convincing, but, such as it was, we think there was enough of it to require the question of the condition of the kettle to be submitted to the jury. The plaintiff testified that, when he built the fire, the inside of the furnace was perfectly clean, and there was no pitch there, and that the cover was on the kettle, and remained there; that afterwards, when the fire got hot, and the flame commenced to burst out, he opened the door of the furnace, and looked in, and saw the pitch dripping, “ out of the kettle into the fire.” Upon his cross-examination, he testified that, when he looked into the furnace, he saw the “pitch dripping through the kettle.” The witness Busch testified that, upon examining the kettle eight weeks before, he saw the bottom of the kettle, and he saw pitch dripping down inside the furnace. He further stated that he never saw pitch drip over the edge of the kettle, but that it dripped down inside, between the kettle'and the furnace. He also stated that the wall of the kettle was so tight on the kettle that no pitch could go through, and that he never saw any pitch drip over the edge; and he further said that there was no opening over the top through which the pitch could go. This was substantially all the testimony which was given bv the plaintiff as to the condition of the kettle. The testimony was contradicted by the defendant, but we think it fairly raised a question for the jury whether there was a defect in the kettle, through which the pitch dripped into the fire. From the testimony given by the plaintiff, the jury might, if they believed it, have found that this kettle was defective, so' that, when the pitch was heated, it ran down through it into the fire, and that this defect had existed for six or eight weeks. If that were so, undoubtedly it is sufficient to establish the negligence of the defendant. The plaintiff was not called upon to prove actuals notice of the condition of the kettle. It was sufficient if it appeared that the kettle had been in a defective condition so long that, with reasonable care, the defendant might have discovered its condition in time to have remedied it before this accident happened, because it was his duty, not only to provide reasonably safe appliances in the first place, but to examine and inspect them from time to time, and use ordinary skill to discover and repair defects in them. Shear. & R. Neg. § 195. The jury might have found from this evidence that the defendant failed to perform its duty, and, if it did, the case was made out.
The judgment must be affirmed, with costs.
All concur. '